1  DEBRA WONG YANG
   United States Attorney
2  THOMAS P. O'BRIEN
   Assistant United States Attorney
3  Chief, Criminal Division
   JOSEPH O. JOHNS
4  Assistant United States Attorney
   California Bar Number: 144524
5       1300 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-4536
7       Facsimile: (213) 534-4300
        Email: joseph.johns@usdoj.gov
8
   Attorney for Plaintiff
9  United States of America

FILED
CLERK, U.S. DISTRICT COURT

JAN 1 6 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY



**ORIGINAL**

10              UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13  UNITED STATES OF AMERICA,      )  CR No. CR-06-595-GPS
                                   )
14                 Plaintiff,      )  PLEA AGREEMENT FOR DEFENDANT
                                   )  HISAYOSHI KOJIMA
15            v.                   )
                                   )
16  HISAYOSHI KOJIMA,              )
                                   )
17                 Defendant.      )
                                   )
18                                 )

19

20       1.  This constitutes the plea agreement between HISAYOHI

21  KOJIMA ("defendant") and the United States Attorney's Office for

22  the Central District of California ("the USAO") in the above-

23  captioned case.  This agreement is limited to the USAO and cannot

24  bind any other federal, state or local prosecuting,

25  administrative or regulatory authorities.

26                              PLEA

27       2.  Defendant agrees to plead guilty to counts one through

28  seventeen of the indictment in United States v. Hisayoshi Kojima,

    CR No. 06-595-GPS.

3.   In order for defendant to be guilty of counts one, two, eight, eleven, and seventeen, which charge violations of Title 16, United States Code, Sections 1538(a)(1)(F) and 1540(b) [Illegal Offer to Sell Endangered Species in Interstate and Foreign Commerce], the following must be true: defendant did knowingly offer for sale in interstate and foreign commerce an endangered wildlife species without a permit issued by the United States Fish and Wildlife Service.  Defendant admits that defendant is, in fact, guilty of this offense as described in counts one, two, eight, eleven, and seventeen of the indictment.

In order for defendant to be guilty of counts seven and sixteen, which charge violations of Title 16, United States Code, Sections 1538(a)(1)(A) and 1540(b) [Illegal Importation of Endangered Species], the following must be true: defendant did knowingly import and cause the importation of an endangered wildlife species without a permit issued by the United States Fish and Wildlife Service.  Defendant admits that defendant is, in fact, guilty of this offense as described in counts seven and sixteen of the indictment.

In order for defendant to be guilty of counts three, five, nine, twelve, and fourteen, which charge violations of Title 18, United States Code, Section 545 [Importing Wildlife Contrary to Law], the following must be true: defendant did fraudulently and knowingly receive, conceal, and facilitate the transportation and concealment of merchandise after the merchandise was imported

into the United States contrary to law. Defendant admits that defendant is, in fact, guilty of this offense as described in counts three, five, nine, twelve, and fourteen of the indictment.

In order for defendant to be guilty of counts four, six, ten, thirteen, and fifteen, which charge violations of Title 18, United States Code, Section 545 [Smuggling Wildlife], the following must be true: defendant did knowingly and willfully, with the intent to defraud the United States, smuggle and attempt to smuggle merchandise into the United States by means of fraudulent documents. Defendant admits that defendant is, in fact, guilty of this offense as described in counts four, six, ten, thirteen, and fifteen of the indictment.

## PENALTIES

4. The statutory maximum sentence that the Court can impose for each violation of Title 16, United States Code, Sections 1538(a)(1)(F), 1538(a)(1)(A), and 1540(b) is: one year imprisonment; a one-year period of supervised release or five year period of probation; a fine of $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $25.

The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 545 is: five years imprisonment; a three-year period of supervised release or five year period of probation; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of

3

$100.

Therefore, the statutory maximum sentence that the Court can impose for all violations that defendant has pled guilty to is as follows: 57 years imprisonment; a three-year period of supervised release; a fine of $3,200,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $1,175.

5. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

7. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences

will not serve as grounds to withdraw defendant's guilty plea.

PAYMENT OF JUDGMENT

8.   Defendant understands that any special assessments, restitution and fines imposed by the Court as a part of defendant's sentence are payable immediately upon sentencing. Defendant acknowledges that the U.S. Fish and Wildlife Service is presently in possession of certain articles of personal property described as follows (collectively "the Property"): assorted household items and antiques of Japanese origin taken into possession by an agent of the USFWS on July 11, 2006, at the request of defendant and currently held in the USFWS evidence locker at 370 Amapola Avenue, Suite 114, Torrance, California, including, one large lacquered sake cup; one pair of kiri wood hibachi with a lacquered horse design; one Keyaki wood desk; one ceramic sake bottle; two bronze duck incense burners; one bronze lotus bowl; one pair of bronze candlesticks; one Keyaki wood front Sendai Tansu chest with iron lock plates; one pair of tall square tables; one cypress wood door with sparrow and bamboo paintings; one pair of gold leaf sliding doors with scenery paintings.

9.   Defendant represents and warrants that he is the sole owner of the Property, that no other person or entity owns any interest in the Property, and that the Property is free and clear of any lien or encumbrance.

10.  In the event defendant fails to pay the special assessments, restitution and fines ordered by the Court within

5

thirty days following sentencing, defendant agrees that the United States may liquidate the Property and apply the proceeds to defendant's indebtedness. Specifically, defendant stipulates that (a) the U.S. Fish and Wildlife Service may transfer possession of the Property to the United States Marshals Service, (b) the Court may issue a writ of execution for the Property pursuant to 28 U.S.C. § 3203(a), ( c) the Marshals Service may sell the property pursuant to 28 U.S.C. § 3203(g).

FACTUAL BASIS

11. Defendant and the USAO agree and stipulate to the statement of facts attached hereto as Attachment A. This statement of facts includes facts sufficient to support a plea of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 11 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

WAIVER OF CONSTITUTIONAL RIGHTS

12. By pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his or her plea of

6

guilty, he or she retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

SENTENCING FACTORS

12. Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after

7

considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

### TOTAL OFFENSE LEVEL/NO ADDITIONAL ADJUSTMENTS APPLY

14. Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 6 | [U.S.S.G. § 2Q2.1(a)] |
| Specific Offense Characteristics | | | |
| Commercial gain and pattern | : | +2 | [U.S.S.G. § 2Q2.1(b)(1)(A) & (B)] |
| Market value of wildlife | : | +10 | [U.S.S.G. § 2Q2.1(b)(3)(A)(ii): fair market value of all butterflies offered for sale or sold is between $120,000 and $200,000] |
| Adjustments | | | |
| None | : | 0 | Sentencing Guidelines |
| Acceptance of Responsibility | : | -3 | [U.S.S.G. §3E1.1(b)] |

Total Offense Level : 15

The USAO will agree to a downward adjustment for acceptance of responsibility only if the conditions set forth in paragraph 18(c) are met. Subject to paragraph 16, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments or departures, from either the applicable Offense

Level or Criminal History Category, be imposed.  If, however, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

15.  There is no agreement as to defendant's criminal history or criminal history category.

16.  The stipulations in this agreement do not bind either the United States Probation Office or the Court.  Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.

DEFENDANT'S OBLIGATIONS

17.  Defendant agrees that he or she will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear as

9

ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay.

g) Pay a fine of $30,000 as a term and condition of probation *or supervised release.* /s/

h) Pay restitution in the amount of $7,656 to the United States Fish and Wildlife Service at or before the imposition of sentence.

## THE USAO'S OBLIGATIONS

18. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

10

move for an additional one-level reduction if available under that section.

c) Not to further prosecute defendant for violations of federal law relating to the import and sale of protected and endangered insects arising out of defendant's conduct described in Attachment A, such as: 16 U.S.C. §§ 1538(a)(1)(F), 1540(b) [Illegal Offer to Sell Endangered Species in Interstate and Foreign Commerce]; 18 U.S.C. § 545 [Importing Wildlife Contrary to Law]; 18 U.S.C. § 545 [Smuggling Wildlife]; 16 U.S.C. §§ 1538(a)(1)(A), 1540(b)(1) [Illegal Importation of Endangered Species]; and 18 U.S.C. § 2(b) [Causing an Act to be Done]. Defendant understands that the USAO is free to prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

d) If defendant pays the fine ($30,000) and restitution ($7,656) amounts specified in Paragraphs 17(g) and 17(h) of this agreement on or before the imposition of sentence, the government agrees to recommend that defendant be sentenced to a 15 month term of imprisonment. Should the defendant fail to

pay the specified fine and restitution on or before imposition of
sentence as required by this agreement, the government is free to
recommend any sentence within the 18-24 month Guideline range as
calculated in Paragraph 14.

BREACH OF AGREEMENT

19.  If defendant, at any time between the execution of this
agreement and defendant's sentencing on a non-custodial sentence
or surrender for service on a custodial sentence, knowingly
violates or fails to perform any of defendant's obligations under
this agreement ("a breach"), the USAO may declare this agreement
breached.  If the USAO declares this agreement breached, and the
Court finds such a breach to have occurred, defendant will not be
able to withdraw defendant's guilty plea[s], and the USAO will be
relieved of all of its obligations under this agreement.

20.  Following a knowing and willful breach of this
agreement by defendant, should the USAO elect to pursue any
charge that was either dismissed or not filed as a result of this
agreement, then:

a) Defendant agrees that any applicable statute of
limitations is tolled between the date of defendant's signing of
this agreement and the commencement of any such prosecution or
action.

b) Defendant gives up all defenses based on the statute
of limitations, any claim of preindictment delay, or any speedy
trial claim with respect to any such prosecution, except to the
extent that such defenses existed as of the date of defendant's

12

signing of this agreement.

c) Defendant agrees that: i) any statements made by defendant, under oath, at the guilty plea hearing; ii) the stipulated factual basis statement in this agreement; and iii) any evidence derived from such statements, are admissible against defendant in any future prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

21. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, (b) the Court in determining the applicable guideline range does not depart upward in offense level or criminal history category and determines that the total offense level is 15 or below, and (c) the Court imposes a sentence within or below the range corresponding to the determined total offense level and criminal history category. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable

13

Sentencing Guidelines, sentencing statutes, or statutes of conviction.

22. The USAO gives up its right to appeal the sentence, provided that (a) the Court in determining the applicable guideline range does not depart downward in offense level or criminal history category, (b) the Court determines that the total offense level is 15 or above, and (c) the Court imposes a sentence within or above the range corresponding to the determined total offense level and criminal history category.

## COURT NOT A PARTY

23. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one - not the prosecutor, defendant's attorney, or the Court - can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

24. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement,

14

understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEORGE S. CARDONA
Acting United States Attorney

_____          1/3/07
JOSEPH O. JOHNS                           Date
Assistant United States Attorney
Chief, Environmental Crimes Section

I have read this agreement and carefully discussed every part of it with my attorney. This agreement has been read to me in Japanese, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No

15

one has threatened or forced me in any way to enter into this
agreement.  Finally, I am satisfied with the representation of my
attorney in this matter.

_____     _____
HISAYOSHI KOJIMA                     Date    JAN 16 2007
Defendant

    I, _Nonyuki Kouchi_, am fluent in written and spoken
English and Japanese languages.  I accurately translated this
entire agreement from English into Japanese to defendant
Hisayoshi Kojima on this date.

_____     _____
Interpreter                         Date    1/16/07

    I am Hisayoshi Kojima's attorney.  I have carefully
discussed every part of this agreement with my client.  Further,
I have fully advised my client of his/her rights, of possible
defenses, of the Sentencing Guidelines' provisions, and of the
consequences of entering into this agreement.  To my knowledge,
my client's decision to enter into this agreement is an informed
and voluntary one.

_____     _____
NORMAN COUSINS SASAMORI              Date    11/16/07
Counsel for Defendant
Hisayoshi Kojima

16

## Stipulated Factual Basis for Plea Agreement

<u>United States v. Hisayoshi Kojima</u>
Case Number CR-06-595-GPS

On or about May 21, 2006, in Los Angeles County, HISAYOSHI KOJIMA ("defendant") did knowingly offer for sale in interstate and foreign commerce endangered wildlife species, namely, one or more specimens of <u>Papilio homerus</u> butterflies, without a permit issued by the United States Fish and Wildlife Service. On or about June 7, 2006, in Los Angeles County defendant did knowingly offer for sale in interstate and foreign commerce endangered wildlife species, namely, three pairs of <u>Papilio hospiton</u> and one pair of <u>Papilio chikae</u> butterflies, without a permit issued by the United States Fish and Wildlife Service.

On or about June 12, 2006, in Los Angeles County, defendant did fraudulently and knowingly import, bring, and cause the importation and bringing of merchandise, namely, one pair of protected <u>Ornithoptera victoriae</u> butterflies, into the United States contrary to law, namely, without first obtaining a valid foreign export permit from the country of origin or a valid foreign re-export certificate issued by the country of re-export.

On or about June 12, 2006, in Los Angeles County, defendant did knowingly and willfully, with the intent to defraud the United States, smuggle and attempt to smuggle merchandise, namely, one pair of protected <u>Ornithoptera victoriae</u> butterflies, into the United States by means of fraudulent documents, namely,

17

Express Mail Service customs declaration form CN 23 that described said merchandise as a gift of "dry butterfly" having a value of $10.00, whereas in truth and fact, as defendant KOJIMA well knew, said merchandise consisted of said pair of <u>Ornithoptera victoriae</u> butterflies that had been sold for $80.00.

On or about June 15, 2006, in Los Angeles County, defendant did fraudulently and knowingly import, bring, and cause the importation and bringing of merchandise, namely, three pairs of endangered <u>Papilio hospiton</u> and one pair of endangered <u>Papilio chikae</u> butterflies, into the United States contrary to law, namely, without first obtaining a valid United States import permit and valid foreign export permit from the country of origin or a valid foreign re-export certificate issued by the country of re-export.

On or about June 15, 2006, in Los Angeles County, defendant did knowingly and willfully, with the intent to defraud the United States, smuggle and attempt to smuggle merchandise, namely, three pairs of endangered <u>Papilio hospiton</u> and one pair of endangered <u>Papilio chikae</u> butterflies, into the United States by means of fraudulent documents, namely, Express Mail Service customs declaration form CN 23 that described said merchandise as a gift of "dry butterfly" having a value of $39.00, whereas in truth and fact, as defendant KOJIMA well knew, said merchandise consisted of said pairs of <u>Papilio hospiton</u> and said pair of <u>Papilio chikae</u> butterflies that had been sold for $3,000.00.

On or about June 15, 2006, in Los Angeles County, defendant did knowingly import and cause the importation of endangered wildlife species, namely, three pairs of <u>Papilio hospiton</u> and one pair of <u>Papilio chikae</u> butterflies, without a permit issued by the United States Fish and Wildlife Service.    On or about June 28, 2006, in Los Angeles County, defendant did knowingly offer for sale in interstate and foreign commerce endangered wildlife species, namely, four specimens of <u>Papilio homerus</u> and one pair of <u>Ornithoptera alexandrae</u> butterflies, without a permit issued by the United States Fish and Wildlife Service.

On or about June 29, 2006, in Los Angeles County, defendant did fraudulently and knowingly import, bring, and cause the importation and bringing of merchandise, namely, one pair of protected <u>Ornithoptera meridionalis</u> butterflies, into the United States contrary to law, namely, without first obtaining a valid foreign export permit from the country of origin or a valid foreign re-export certificate issued by the country of re-export.

On or about June 29, 2006, in Los Angeles County, defendant did knowingly and willfully, with the intent to defraud the United States, smuggle and attempt to smuggle merchandise, namely, one pair of protected <u>Ornithoptera meridionalis</u> butterflies, into the United States by means of fraudulent documents, namely, Express Mail Service customs declaration form CN 23 that described said merchandise as a gift of "dry butterflys" having a value of $30.00, whereas in truth and fact, as defendant KOJIMA well knew, said merchandise consisted of said

pair of <u>Ornithoptera meridionalis</u> butterflies that had been sold for $1,000.00.  On or about June 30, 2006, in Los Angeles County, defendant did knowingly offer for sale in interstate and foreign commerce endangered wildlife species, namely, one pair of <u>Ornithoptera alexandrae</u> butterflies, without a permit issued by the United States Fish and Wildlife Service.

On or about July 10, 2006, in Los Angeles County, defendant did fraudulently and knowingly import, bring, and cause the importation and bringing of merchandise, namely, three individual specimens of protected <u>Ornithoptera paradesia</u> butterflies, into the United States contrary to law, namely, without first obtaining a valid foreign export permit from the country of origin or a valid foreign re-export certificate issued by the country of re-export.

On or about July 10, 2006, in Los Angeles County, defendant did knowingly and willfully, with the intent to defraud the United States, smuggle and attempt to smuggle merchandise, namely, three individual specimens of protected <u>Ornithoptera paradesia</u> butterflies, into the United States by means of fraudulent documents, namely, Express Mail Service customs declaration form CN 23 that described said merchandise as a gift of "dry butterfly" having a value of $50.00, whereas in truth and fact, as defendant KOJIMA well knew, said merchandise consisted of said three individual specimens of <u>Ornithoptera paradesia</u> butterflies that had been sold for $2,300.00.

On or about July 17, 2006, in Los Angeles County, defendant

20

did fraudulently and knowingly import, bring, and cause the importation and bringing of merchandise, namely, one pair of endangered Ornithoptera alexandrae butterflies, into the United States contrary to law, namely, without first obtaining a valid United States import permit and valid foreign export permit from the country of origin or a valid foreign re-export certificate issued by the country of re-export.

On or about July 17, 2006, in Los Angeles County, defendant did knowingly and willfully, with the intent to defraud the United States, smuggle and attempt to smuggle merchandise, namely, one pair of Ornithoptera alexandrae butterflies, into the United States by means of fraudulent documents, namely, Express Mail Service customs declaration form CN 23 that described said merchandise as a gift of "dry butterfly" having a value of $30.00, whereas in truth and fact, as defendant KOJIMA well knew, said merchandise consisted of said pair of Ornithoptera alexandrae butterflies that had been sold for $8,500.00.

On or about July 17, 2006, in Los Angeles County, defendant did knowingly import and cause the importation of endangered wildlife species, namely, one pair of Ornithoptera alexandrae butterflies, without a permit issued by the United States Fish and Wildlife Service.

On or about July 17, 2006, in Los Angeles County, defendant did knowingly offer for sale in interstate and foreign commerce endangered wildlife species, namely, one pair of Papilio homerus butterflies, without a permit issued by the United States Fish

and Wildlife Service.

<u>CERTIFICATE OF SERVICE</u>

I, <u>Sandy Ear</u>, declare:

That I am a citizen of the United States that my business address is Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of California, at whose direction the service by mail described in this Certificate was made; that on <u>January 29, 2007</u>, I deposited in the United States Courthouse at 312 North Spring Street, Los Angeles, California, in the above-entitled action, in an envelope,

a copy of: **PLEA AGREEMENT FOR DEFENDANT HISAYOSHI KOJIMA**

addressed to: Norman C Sasamori
Law Office
1925 Century Park East, Suite 500
Los Angeles, CA 90067

at his last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on <u>January 29, 2007</u>, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct and resident or employed in Los Angeles County, California.

SANDY EAR